## Dora Holtzman, Defendant in Error, v. Louis Israel, Plaintiff in Error.

### Gen. No. 20,193.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. GEORGE J. COW-ING, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed October 5, 1915.

### Statement of the Case.

Action by Dora Holtzman, plaintiff, against Louis Israel, defendant, in the Municipal Court of Chicago, to recover on a contract by which plaintiff paid defendant four hundred dollars, to be returned in case defendant failed to procure the discharge of persons about to be tried on a criminal charge. To reverse a judgment for plaintiff, defendant prosecutes this writ of error.

LOUIS GREENBERG and MARTIN CONNOR for plaintiff in error.

McMAHON & CHENEY, for defendant in error; E. C. RENIFF, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1.  CONTRACTS, § 385*—*when evidence shows.* In an action to recover back money paid under an alleged contract providing that defendant should return the money paid if unsuccessful in the undertaking, evidence *held* to warrant the jury in finding that the contract was made.

2.  CONTRACTS, § 130*—*when evidence does not show guilty knowledge of illegal purpose.* In an action for the return of money paid by plaintiff to defendant to procure the discharge of persons then

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

about to be tried on a criminal charge, under a contract whereby defendant agreed to return the money if unsuccessful in procuring the discharge of the persons in question, evidence *held* to warrant the jury in finding that plaintiff did not have guilty knowledge of defendant's intention to use the money for an illegal purpose.

3. CONTRACTS, § 161*—*when illegal purpose of one party does not invalidate.* In an action to recover back money paid by plaintiff to defendant under a contract providing that the money should be returned under certain conditions, it is not a defense to the action that defendant had a private purpose to use the money unlawfully, unless plaintiff knew of such purpose.